FILED

APR 26 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY KOST | No. **18 CR 257**<br><br>Violations: Title 18, United States Code, Sections 1014 and 1344 |

JUDGE PALLMEYER
MAGISTRATE JUDGE VALDEZ

### COUNT ONE

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this Indictment:

    a. W. Kost Manufacturing Company, Inc., ("Kost Manufacturing Company") was a corporation engaged in manufacturing, selling, and distributing trusses and related lumber and wood products to contractors, builders, and other building suppliers. Kost Manufacturing Company maintained its headquarters and main offices in Gilberts, Illinois, which is in the Northern District of Illinois.

    b. Defendant BRADLEY KOST was employed at Kost Manufacturing Company as vice president and then president, where he was responsible for the day-to-day financial and accounting operations of the company.

    c. First American Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

First American Bank was an Illinois banking corporation that maintained offices and did business in the Northern District of Illinois.

    d.    Beginning on or about August 3, 2004, Kost Manufacturing Company and First American Bank entered into a loan and security agreement ("Loan Agreement"), which the parties extended through a series of amendments into 2006. Under the Loan Agreement, First American Bank agreed to extend a line of credit to Kost Manufacturing Company on an ongoing basis, with the funds secured by certain collateral, including a percentage of Kost Manufacturing Company's inventory and accounts receivable. The Loan Agreement required that Kost Manufacturing Company provide First American Bank, on a periodic basis during the time that First American Bank had any outstanding credit extended to Kost Manufacturing Company, a Borrowing Base Certificate. The Borrowing Base Certificates provided to First American Bank, among other things, the value of Kost Manufacturing Company's collateral, including the value of eligible accounts receivable and eligible inventory, and including a certification as to the accuracy of the Borrowing Base Certificate.

    e.    From at least September 2009, and continuing through at least March 2011, KOST, in his capacity as vice president or president of Kost Manufacturing Company, regularly prepared and submitted to First American

Bank Borrowing Base Certificates reflecting the value of the collateral, including the accounts receivable, for the outstanding loan amount from First American Bank to Kost Manufacturing Company. KOST further certified the accuracy of each Borrowing Base Certificate submitted to First American Bank.

      f.    The information that KOST certified on the Borrowing Base Certificates was material to First American Bank's decision to extend credit to Kost Manufacturing Company, and to forebear in declaring Kost Manufacturing Company in default of the Loan Agreement.

    2.    Beginning in or around November 2010 and continuing to in or around March 2011, at Gilberts, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRADLEY KOST,

defendant herein, with other co-schemers known and unknown to the grand jury, knowingly devised and participated in a scheme to defraud First American Bank, and to obtain money and funds owned by and under the custody and control of First American Bank by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that, from in or around November 2010 and continuing to in or around March 2011, defendant BRADLEY KOST knowingly provided and caused to be provided to First American Bank, Borrowing Base Certificates that contained materially false and fraudulent representations in that the Borrowing Base Certificates falsely inflated total accounts receivable and eligible accounts receivable for the purpose of Kost Manufacturing Company obtaining more funds from its revolving line of credit than the Loan Agreement with First American Bank permitted.

4. It was further part of the scheme that defendant BRADLEY KOST knowingly created and caused to be created Aged Accounts Receivable Summary Reports that contained materially false and fraudulent representations in that the reports falsely inflated the accounts receivable for certain Kost Manufacturing Company customers or the reports listed customers from whom Kost Manufacturing Company was owed no money. KOST knowingly provided and caused to be provided the Aged Accounts Receivable Summary Reports to First American Bank in conjunction with the Borrowing Base Certificates, thereby giving the appearance to First American Bank that the fictitious accounts or falsely inflated eligible accounts receivable figures appearing in the Borrowing Base Certificates had support in the underlying accounting records maintained by Kost Manufacturing Company.

As a result, Kost Manufacturing Company received more money from First American Bank than Kost Manufacturing Company was entitled to borrow.

5. It was further part of the scheme that when First American Bank observed and investigated the deterioration of Kost Manufacturing Company's financial situation, defendant BRADLEY KOST made false and fraudulent representations to First American Bank in order to avoid discovery of his scheme to defraud First American Bank.

6. It was further part of the scheme that defendant BRADLEY KOST misrepresented, concealed, hid, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purposes of these acts.

7. As a result of the scheme, defendant BRADLEY KOST caused an actual substantial loss to First American Bank.

8. On or about December 7, 2010, at Gilberts, in the Northern District of Illinois, Eastern Division,

BRADLEY KOST,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, knowingly submitted and caused to be submitted to First American Bank a Borrowing Base Certificate dated on or about December

7, 2010, which contained materially false and fraudulent total accounts receivable and eligible accounts receivable for Kost Manufacturing Company;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about February 10, 2011, at Gilberts, in the Northern District of Illinois, Eastern Division,

BRADLEY KOST,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, knowingly submitted and caused to be submitted to First American Bank a Borrowing Base Certificate dated on or about February 10, 2011, which contained materially false and fraudulent total accounts receivable and eligible accounts receivable for Kost Manufacturing Company;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated here.

2. On or about March 8, 2011, at Gilberts, in the Northern District of Illinois, Eastern Division,

BRADLEY KOST,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, knowingly submitted and caused to be submitted to First American Bank a Borrowing Base Certificate dated on or about March 8, 2011, which contained materially false and fraudulent total accounts receivable and eligible accounts receivable for Kost Manufacturing Company;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraph 1 of Count One of this Indictment is incorporated here.

2. On or about December 7, 2010, at Gilberts, in the Northern District of Illinois, Eastern Division,

BRADLEY KOST,

defendant herein, for the purpose of influencing the action of First American Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, upon a loan to Kost Manufacturing Company, knowingly made a false statement and report of material fact in that the defendant submitted a Borrowing Base Certificate he knew to be false and fictitious, in that it contained materially false and fraudulent total accounts receivable and eligible accounts receivable for Kost Manufacturing Company;

In violation of Title 18, United States Code, Section 1014.

## COUNT FIVE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. Paragraph 1 of Count One of this Indictment is incorporated here.

2. On or about February 10, 2011, at Gilberts, in the Northern District of Illinois, Eastern Division,

BRADLEY KOST,

defendant herein, for the purpose of influencing the action of First American Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, upon a loan to Kost Manufacturing Company, knowingly made a false statement and report of material fact in that the defendant submitted a Borrowing Base Certificate he knew to be false and fictitious, in that it contained materially false and fraudulent total accounts receivable and eligible accounts receivable for Kost Manufacturing Company;

In violation of Title 18, United States Code, Section 1014.

## **FORFEITURE ALLEGATION**

The SPECIAL DECEMBER 2017 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1014 and 1344, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in an amount estimated to be approximately $1,600,000.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY